# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL SALVADOR VEGA-RIVAS, also known as Manuel Rivas-Vega,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-663-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Manuel Salvador Vega-Rivas appeals his illegal reentry conviction and the resulting 21-month sentence. For the first time on appeal, he argues that the district court erred in applying the enhanced 20-year statutory maximum of 8 U.S.C. § 1326(b)(2) to his offense because his prior Florida burglary conviction was not an aggravated felony. He moves this court to remand to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court for amendment of judgment or, in the alternative, for an extension of time to file his reply brief.

Because his § 1326(b)(2) argument was not raised below, this court's review is limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To demonstrate plain error, Vega-Rivas must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error, provided that it "seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* (internal quotation marks, cite, & brackets omitted).

Vega-Rivas is correct that Florida burglary is not an aggravated felony because the relevant statute, FLA. STAT. ANN. § 810.02, lacks a physical force element and does not comport with the generic definition of burglary of a dwelling. *United States v. Urbina-Fuentes*, 900 F.3d 687, 692-94 (5th Cir. 2018). Consequently, Vega-Rivas's prior conviction was not an aggravated felony. Instead, the prior conviction was just a felony, which means the illegal reentry conviction should have been under § 1326(b)(1), which carries a 10-year maximum rather than the 20-year cap that applies when illegal reentry follows an aggravated felony. *Compare* 18 U.S.C. § 1326(b)(1), with *id.* § 1326(b)(2).

But the district court's error does not require us to vacate Vega-Rivas's sentence, as the difference in the statutory maximum does not impact the 21-month sentence. Nevertheless, it is appropriate to fix the judgment, which may have future consequences, to reflect that Vega-Rivas's conviction was under 8 U.S.C. § 1326(b)(1). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). Defendant's unopposed motion for summary remand to enter an amended judgment is GRANTED.